United States District Court
for the Western District of Pennsylvania

FILED
JAN - 6 2016
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

Laurel Michele Schlemmer; Frederick Banks as "next friend" of Laurel Michele Schlemmer,

    Petitioner

v.

Central Intelligence Agency, et als,

    Respondents.

2:15-CV-01583-AJS-LPL

[ Evidentiary Hearing Requested ]

MOTION TO VACATE JUDGMENTS (Fed. R. Civ. Proc. 59(e) & 60(b)) (DOC 4 + DOC 7); MOTION FOR Reconsideration; and Notice of Appeal; and Pro Se Brief of Appellant

Next friend Frederick Banks of Laurel Michele Schlemmer hereby notifies the Court and parties that he appeals the orders dismissing the case, denying IFP status and denying Motion for O.R. Bond entered on or about 12/14/15 and 12/29/15 to the United States Court of Appeals for the Third Circuit. On Appeal Petitioner moves the Court to consider this pleading as a writ of Mandamus and remand to the District Court vacating the orders with instructions to grant the petition and the bond motion and immediately release Ms. Schlemmer from unlawful confinement.

1. Frederick Banks as "next friend" see page 15 of petition for a writ of Habeas Corpus Doc 1 brought this action on behalf of Laurel Michele Schlemmer because due to her current mental incapacitation she could not bring the petition herself. See Whitmore v. Arkansas 495 US 149, 154-55 (1990); Buenrostro v. Zickefoose, 2013 US Dist Lexis 4360 (2013) at ft n. 4; 28 USC § 2242. §2242 does not require that the person for whom relief is sought be aware of the petition, in fact, a person who is incapacitated could not be aware of the petition at the time it is brought or otherwise confined. See Padilla __ US __ ( ).

2. The Court erred as a matter of law and fact in dismissing the petition with prejudice because the respondents had not yet appeared or otherwise plead a defense to the action. The Court did not even order a copy of the petition be served on Respondents. It was an error of law and fact to deny the In Forma Pauperis motion without providing an opportunity to resubmit a proper application or pay the filing fee. As a result the Court should vacate its orders and reopen the case and petitioner renews the Motion for O.R. Bond.

3. Petitioner has a strong likelihood of success on the 2241 petition because for example in ground 4 petitioner alleged that she was prosecuted by Information rather than Indictment for a capital offense in violation of the 5th and 14th Amendment Grand Jury and Due Process Clause. Obviously, the U.S. Constitutional requirement trumps the PA Constitution which allows this practice by virtue of the U.S. Constitutions Supremacy Clause. US Const Art VI clause 2.

4. Another more prudent course of action the Court could have and should do is appoint counsel for Petitioner to represent her in the petition as the petition itself requested. Under both 28 USC § 2242 and Johnson v. Avery __ US __ ( ) the next friend had the right to bring the petition and by doing so did not "engage in the unauthorized practice of law." The petition seeks for petitioner to be immediately released. The next friend imagines that that end result would be a blessing not a curse. So again the Court erred as a matter of law and fact and abused its discretion. The Court should have also held an evidentiary hearing on the issues in the petition and herein and the next friend moves the Court for a hearing where both the Petitioner and Petitioner's next friend may be present in consideration of the instant pleading, the 2241 petition and the Motion for O.R.-Bond.

5. In such a case where the issues could not be more serious and the Constitutional issues could not be more severe the next friend sincerely believes that the Court has an obligation to vacate its orders and set a hearing date or issue the writ and free the Petitioner or release her on bond in the most effective manner.

WHEREFORE, the Motion to Vacate Judgments, Motion for Reconsideration and Pro se Brief of Appellant should be granted. Petitioner should be discharged from custody or on O.R. Bond, counsel should be appointed, an evidentiary hearing should be held along with all other requested or warranted relief.

Frederick Banks pro se next friend
for Laurel Michele Schlemmer
#120759, Allegheny County Jail
950 Second Ave
Pittsburgh, PA 15219

Next friend

mail also to;

Laurel Michele Schlemmer
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

Petitioner

**Proof of Service / Proof of Filing**

I hereby state under the penalty for perjury that I mailed a true and correct copy of the foregoing by mail delivery upon the following on 12/31/15 by handing a copy to the corrections officer addressed thereon.

Clerk, US Dist Court, Central Intelligence Agency
US Courthouse
700 Grant St.
Pittsburgh, PA 15219

Kathleen Kane
Stephen Zappala
Commonwealth of PA
436 Grant St.
Pittsburgh, PA 15219

*Frederick Banks*

3 of 3